FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 07 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEREK CLINTON DENTON,

      Plaintiff,

  v.

UNITED STATES OF AMERICA, et al.,

      Defendants.

CIVIL ACTION

NO. 1:04-CV-3285-RLV

O R D E R

This matter comes before the court on the plaintiff's motion for the issuance of a writ of habeas corpus ad testificandum [Doc. No 120]; the plaintiff's motion for an order requiring the prompt disclosure of the federal defendants' expert [Doc. No. 121]; the plaintiff's motion for an order correcting the docket regarding the status of the individually-named federal defendants and the spelling of defendant Efren Carbonell's name [Doc. No. 122]; the federal defendants' motion to defer ruling on the plaintiff's motion for an issuance of a writ of habeas corpus ad testificandum [Doc. No. 146]; the plaintiff's motion for an order precluding federal defendants from presenting rebuttal expert testimony or, in the alternative, for leave to conduct injection testing and medical examination of the plaintiff either before or after the close of discovery [Doc. No. 178]; the plaintiff's contingent motion for leave to depose the plaintiff in Atlanta, Georgia, if the plaintiff

will not be able to testify in person at trial [Doc. No. 180]; the plaintiff's motion for extension of time to serve his responses to the federal defendants' discovery requests [Doc. No. 181]; and the plaintiff's contingent motion for an extension of time to depose federal defendants' expert or, in the alternative, for general extension of the discovery deadline [Doc. No. 182].

### I. Motion for Order Requiring Prompt Expert Disclosure by Federal Defendants

Federal Rule of Civil Procedure Rule 26(a)(2)(C) states that discovery disclosures

> shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

On April 10, 2006, the plaintiff filed a motion to compel the federal defendants to disclose their expert witnesses by May 1, 2006. Citing Rule 26(a)(2)(C), the plaintiff argues that an expert report that is "intended solely to contradict or rebut evidence on the same subject identified by another party" should be disclosed "within 30 days after the disclosure made by the other party." The plaintiff states that he filed his initial disclosures, including his Rule 26(a)(2) expert disclosures, on March 15, 2006, and therefore, the court should require the federal defendants to

2

submit their expert witness disclosures by May 1, 2006.

In response, the federal defendants state that "they will be able to file a notice of medical expert witnesses, along with the necessary expert report, by May 31, 2006, subject to possible modification of the report once plaintiff's deposition is completed." Furthermore, the federal defendants ask the Court to deny plaintiff's motion to require expert testimony or to set the deadline for all parties, not just the federal defendants, to designate expert witnesses as May 31, 2006.

Rule 26(a)(2)(C) provides the court with broad discretion regarding the time and sequence of discovery disclosures. The federal defendants' proposal to set the deadline to designate expert witnesses for all parties, not just the federal defendants, to May 31, 2006, was a reasonable solution. However, the court did not review this matter prior to May 31, 2006. Therefore, the court sets June 15, 2006, as the deadline for the disclosure of all expert witnesses in this matter. All expert witnesses disclosed by any of the parties after June 15, 2006, will be barred. Therefore, the plaintiff's motion to require the federal defendants to disclose their expert witnesses is GRANTED in part and DENIED in part.

## II. Motion for Order Precluding Federal Defendants from Presenting Rebuttal Expert Testimony or, In the Alternative, for Leave to Conduct Injection Testing and Medical Examination of Plaintiff Before or After the Close of Discovery

On May 8, 2006, the plaintiff filed a motion for an order

3

barring the federal defendants from presenting expert testimony contrary to the testimony of the plaintiff's expert because the federal defendants did not timely submit their expert disclosures and the federal defendants had failed to file a timely response to the plaintiff's motion described above dated April 10, 2006, requiring the prompt disclosure of their experts.

Alternatively, the plaintiff now seeks an order granting the plaintiff leave to (a) obtain court-ordered injection testing and physical examination of the plaintiff and (b) discover the report and take the deposition of that examiner.

In the response, the federal defendants argue that both of the plaintiff's requests should be denied. With regard to the plaintiff's motion to bar the federal defendants' expert witnesses, the federal defendants argue that the plaintiff's imposition of a 30-day requirement for disclosure of their expert or experts is not warranted under Rule 26(a)(2)(C). Specifically on this point, the federal defendants argue, "Plaintiff ignores the fact that the federal defendants are not limited to utilizing purely rebuttal expert testimony, but instead [may] utilize all relevant opinions advanced by their expert or experts, whether or not they go beyond mere rebuttal." The court agrees.

As stated above, the court establishes June 15, 2006, as the deadline for disclosure of all experts. Therefore, the plaintiff's motion barring the federal defendants from presenting expert

4

testimony contrary to the testimony of the plaintiff's expert is DENIED.

With regard to the plaintiff's alternative motion for leave to conduct an injection testing and/or a medical examination of plaintiff either before or after close of discovery, the plaintiff argues:

> Whether there is a need for second injection testing of plaintiff--either videotaped or conducted in the presence of plaintiff's expert (and defendants', too, if desired)--depends on whether defendants' expert agrees or disagrees with the opinion of plaintiff's expert as to the meaning of the reported results of the first injection testing of plaintiff and the subsequent examination of the scarred tissue on plaintiff's penis.

In response, the federal defendants argue, "Until such time that the cited contingency occurs--experts disagreeing about the interpretation of the 2005 injection testing results, plaintiff's request is premature and should be denied without prejudice."

Having reviewed the plaintiff's motion for leave to conduct injection testing or to conduct an additional medical examination of the plaintiff, the court concludes that the plaintiff's motion is premature. At the present time, the federal defendants have not filed their expert disclosure or their expert's report. The plaintiff has filed his motion based merely on the speculation that the federal defendants' expert would disagree with the 2005 injection testing results. When and if the defendants, either federal or non-federal, submit expert reports disagreeing with the interpretation of the 2005 injection testing results, the court

will then revisit this issue via an appropriate motion. Therefore, the court DENIES the plaintiff's motion for leave to conduct injection testing and medical examination of the plaintiff at this time.

### III. Motion for Order of a Writ of Habeas Corpus Ad Testificandum

28 U.S.C. § 2241(c)(5) states, "The writ of habeas corpus shall not be extended to a prisoner unless--. . . It is necessary to bring him into court to testify or for trial." On April 10, 2006, the plaintiff filed a motion for a writ of habeas corpus ad testificandum asking the court to allow the plaintiff to attend and testify in this matter. Counsel for the plaintiff argues that he needs to know before the close of discovery whether the plaintiff will be brought to court to testify live at trial and whether the plaintiff will be transported at the custodian's expense if the plaintiff is unable to pay. Specifically, the plaintiff's counsel states, "If plaintiff is not to be brought to court (or not to be transported at his custodian's expense, even if plaintiff cannot pay), then counsel for plaintiff must take plaintiff's deposition and offer the deposition testimony at trial in lieu of plaintiff's live testimony."

Furthermore, the plaintiff argues, "Defendants have indicated in the parties' Joint Preliminary Statement that they intend to seek leave to depose plaintiff under Rule 30(a)(2), Fed. R. Civ. P., and the timing and order of questioning at the deposition

6

should be determined according to whether plaintiff will testify live at the trial." Specifically on this point, the plaintiff argues that if the court were to not allow the plaintiff to testify in person before the court, "the deposition should be scheduled late in the discovery process, after depositions of defendants' fact witnesses, so that plaintiff has an opportunity to be informed of and to rebut the testimony of those witnesses, as he would be allowed to do at trial were he allowed to attend." Alternatively, the plaintiff argues that if the plaintiff is brought to court to testify then the pre-trial deposition would be an ordinary discovery deposition.

Defendant Matthew J. Goldstein, M.D., filed a response in opposition to the plaintiff's motion arguing that the plaintiff's motion should be denied to the extent that it requests that any deposition of the plaintiff be delayed to near the end of discovery and that it be restricted to the perpetuation of trial testimony. Particularly, Defendant Goldstein contends:

> If the deposition is restricted to duplicating trial testimony, Plaintiff's counsel will be allowed to conduct a direct examination of Plaintiff for the perpetuation of trial testimony and yet Defendants' counsel may be allowed only to cross-examine Plaintiff within the scope of counsel's direct examination.

The federal defendants not only opposed the plaintiff's motion for the issuance of a writ of habeas corpus ad testificandum but also filed their own motion arguing that this court should defer ruling on the plaintiff's motion. The government argues,

7

"Plaintiff's desire to control or limit defendants' ability to conduct discovery is not a proper ground for premature issuance of a writ of [habeas corpus] ad testificandum for his trial testimony in the middle of discovery."

Furthermore, the government argues that the plaintiff's:

> request for issuance of a writ [of habeas corpus] ad testificandum is premature at this juncture, as such writ, if issued, may be unenforceable at the time of trial, and may preclude the consideration of factors at the time of trial that are relevant to the issue of whether he will be permitted to be physically present at trial or the consideration of reasonable alternatives to the writ, such as staying the case following entry of a pretrial order until plaintiff is released or permitting his testimony by video conference.

The court agrees. The issue of whether to grant a writ of habeas corpus ad testificandum is prematurely before the court. The issuance of a writ of habeas corpus ad testificandum requires the weighing of various factors and considerations. The determination of whether the plaintiff would be brought into court in person or whether there is a fair and reasonable alternative to the plaintiff's physical presence in the courtroom is a matter that can be resolved in the future if this matter proceeds to trial. Therefore, the court DENIES the plaintiff's motion for an issuance of a writ of habeas corpus ad testificandum.[1] However, the

---

[1] The court previously granted the defendants' motion for leave to depose the plaintiff pursuant to Federal Rule of Civil Procedure Rule 30(a)(2) [Doc. No. 129]. In granting the defendants' motion for leave to depose the plaintiff, it was the court's intention that the plaintiff's deposition would be conducted as an "ordinary" deposition pursuant to Rule 30.

8

plaintiff may re-new this motion after the close of discovery or when this matter is set for trial. Consequently, the federal defendants' motion to defer the issuance of the writ of habeas corpus ad testificandum is GRANTED.

### IV. Motion for Order Correcting Docket as to Status of Federal Defendants and Spelling of Defendant Carbonell's Name

The plaintiff filed a motion for an order directing the Clerk of the Court to correct the docket to show that the individually-named defendants, John Yost, Ron Wiley, Ivan L. Negron, Victor R. Gonzalez, and Carbonell, have not been terminated as parties and to correct the spelling of defendant Carbonell's name (which appears on the docket as "Cardonell"). The plaintiff states, "Although the United States has been substituted for these defendants as to plaintiff's negligence claim, each of these defendants is sued in his individual capacity under the Constitution. . . . Each of them is a party whose personal liability remains to be determined"(internal citations omitted).

As a statement of the present state of the law on this matter, the plaintiff is correct. According to <u>Carlson v. Green</u>, 446 U.S. 14 (1980), an action under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) for a constitutional violation is available against individually-named federal defendants even though the plaintiff's allegations could also support a suit against the United States under the Federal

9

Tort Claims Act. Moreover, the court notes that the federal defendants did not oppose the plaintiff's motion. Therefore, the court directs the Clerk of the Court to correct the docket to show that the individually-named federal defendants, Yost, Wiley, Negron, Gonzalez, and Carbonell, have not been terminated as parties. Additionally, the Clerk of the Court is to correct the spelling of defendant Carbonell's name. The correct spelling is "Carbonell" and not "Cardonell."

### V. Motion for Order Granting Leave to Depose Plaintiff in Atlanta if Plaintiff Will Not Testify in Person at the Trial

On May 10, 2006, the plaintiff filed a motion requesting leave to depose the plaintiff in Atlanta, Georgia, if the plaintiff will not be able to testify in person at trial. Specifically, the plaintiff argues, "If plaintiff will not be able to testify in person at trial, then plaintiff's counsel should be allowed to take plaintiff's deposition in Atlanta and introduce the deposition in evidence at trial."

In response, the federal defendants argue that the plaintiff's motion is premature. Additionally, the federal defendants argue that the court does not have authority to restrict the Bureau of Prisons' statutory authority with regard to where a prisoner will be housed. Specifically, the federal defendants argue, "Plaintiff has moved for contingent relief in the form of a commitment by the court to permit his attorney to take his deposition within 45 days

after a ruling on a planned future timely request for a writ of habeas corpus ad testificandum." The federal defendants argue that the plaintiff is seeking "an advisory opinion by the court or he is asking the court to agree not to exercise discretion to review the factors relevant to whether plaintiff should be deposed to for use at trial at such time that the matter may properly be placed before the court."

As discussed above, the plaintiff's motion for writ of habeas corpus ad testificandum is prematurely before the court. Having not rendered a decision on whether the plaintiff will be allowed to testify at the trial, the court concludes that the plaintiff's motion for an order allowing the plaintiff's counsel to take the plaintiff's deposition within 45 days after the court's determination on his motion for writ of habeas corpus ad testificandum is also premature. Therefore, the court DENIES the plaintiff's motion for leave to depose the plaintiff in Atlanta.[2]

The plaintiff also requested that the court issue an order requiring the defendant United States of America "to keep plaintiff at his current location in Atlanta (or return him there if defendant has moved him in the meantime) so that the deposition can be taken in Atlanta." In response, the federal defendants argue that the Bureau of Prisons has the statutory authority to determine

---

[2] In a previous order of this court, the court granted the defendants' motion to depose the plaintiff.

where a prisoner shall be housed and whether or when a transfer may be necessary.

Pursuant to 18 U.S.C. § 3621(b), the BOP has discretion to determine the facility at which a prisoner will be housed and to determine whether and when transfers are appropriate. In this case, the plaintiff has not proffered any evidence that the BOP intends to transfer the plaintiff. Instead, the plaintiff requests that the court issue an injunction barring the BOP from exercising its authority over where a prisoner shall be housed based solely on a hypothetical transfer that might or might not occur.[3] Therefore, the court also DENIES the plaintiff's motion to the extent that his motion seeks an injunction prohibiting the BOP from transferring him.

### VI. Motion for Extension of Time to Serve Discovery Responses

On May 10, 2006, the plaintiff filed a motion asking the court to issue an order "extending to and including June 12, 2006, the time within which plaintiff may serve his responses to defendants' previously-served interrogatories, document production requests, and admission requests." In response, the federal defendants argue that they are prejudiced by the plaintiff's request to delay service of his responses because discovery is set to close on June

---

[3] Furthermore, the plaintiff has not demonstrated that he has exhausted his administrative remedies within the prison system prior to bringing this matter before the court's attention.

12

15, 2006.

Because discovery was set to close on June 15, 2006, the court was inclined to deny the plaintiff's motion, because the federal defendants would not be able to adequately review the plaintiff's responses prior to the close of discovery. However in a footnote to the plaintiff's motion, the plaintiff states that he would not object to an extension of discovery for the purpose of allowing the federal defendants to depose the plaintiff after the federal defendants' receipt of his responses. In response, the federal defendants state that a 60 day extension of discovery would be sufficient to alleviate their concerns and provide them with the necessary time to depose the plaintiff and to review the plaintiff's responses.

While this matter has been delayed and extended by needless motion practice and what the court perceives as delaying tactics by all of the parties, the plaintiff's proposal to extend discovery to allow the federal defendants the opportunity to depose the plaintiff after the federal defendants' receipt of the plaintiff's discovery responses is a fair and reasonable proposal. Considering that the plaintiff is amenable to allowing the federal defendants to depose him after their receipt of his responses, the court GRANTS the plaintiff's motion for an extension of time to respond to the federal defendants' discovery requests until June 12, 2006.

Also, all discovery in this case is extended until September

29, 2006, with the proviso that this extension is the final extension of the discovery period absent extraordinary unforeseen circumstances.

### VII. Contingent Motion for Extension of Time to Depose Federal Defendants' Expert or in the Alternative for General Extension of the Discovery Deadline

On May 10, 2006, the plaintiff filed yet another motion stating:

> If the Court determines that the federal defendants will not be precluded from presenting expert witness testimony rebutting the testimony of plaintiff's expert, then plaintiff moves the Court under Rule 6(b), Fed. R. Civ. P., for an order (1) allowing plaintiff's counsel to take the deposition of the federal defendants' expert on or before July 28, 2006, or in the alternative (2) extending the deadline for completion of all discovery to July 28, 2006.

Furthermore, the plaintiff states, "Although plaintiff could be ready to depose the federal defendants' expert before July 28, 2006, the extension to that date is warranted to allow scheduling of the deposition at a time that is convenient for all parties and the expert." In response, the federal defendants state that while they oppose the plaintiff's request for leave to depose their expert after the close of discovery, they do not oppose an extension of the discovery period, provided that the extension is for 60 days.

Having reviewed the plaintiff's motion for an extension of time to depose the federal defendants' expert, the court concludes that the plaintiff's motion should be GRANTED to the extent that the

motion seeks to depose the federal defendants' expert on or before July 28, 2006. Also in this order the court has previously designated June 15, 2006, as the deadline for all of the parties' expert disclosures. Given the June 15, 2006, deadline, the plaintiff has ample time to arrange a deposition, if he so elects, of the federal defendants' expert or experts or of any other experts proffered by the other defendants on or before July 28, 2006.

### VIII. Conclusion

For the above reasons, the plaintiff's motion for the issuance of a writ of habeas corpus ad testificandum is DENIED [Doc. No. 120]. The federal defendants' motion to defer ruling on the plaintiff's motion for the issuance of a writ of habeas corpus ad testificandum is GRANTED [Doc. No. 146]. The plaintiff is free to re-file his motion for an order issuing a writ of habeas corpus ad testificandum after the close of discovery or when this matter proceeds to trial.

The plaintiff's motion for order requiring prompt expert disclosure by federal defendants is GRANTED in part and DENIED in part. The deadline for the disclosure of all expert witnesses in this case is set for June 15, 2006 [Doc. No. 121]. All experts disclosed after this date are barred.

The plaintiff's motion for order precluding federal defendants from presenting rebuttal expert testimony or, in the alternative,

for leave to conduct injection testing and medical examination of the plaintiff before or after the close of discovery is DENIED in its entirety [Doc. No. 178]. Likewise, the plaintiff's motion for an order granting leave to depose the plaintiff in Atlanta, Georgia, if the plaintiff will not be allowed to testify in person is DENIED in its entirety [Doc. No. 180].

The plaintiff's motion for an extension of time to serve his responses to the federal defendants' discovery requests is GRANTED [Doc. No. 181]. The plaintiff has until June 12, 2006, to file his responses to the federal defendants' discovery requests. The plaintiff's motion for an extension of time to depose the federal defendants' expert and the plaintiff's accompanying motion for an extension of time to complete discovery is GRANTED in part and DENIED in part [Doc. No. 182]. The plaintiff will have until July 28, 2006, to depose the federal defendants' expert.

Also, all discovery in this case is extended until September 29, 2006, with the proviso that this extension is the final extension of the discovery barring unforeseen circumstances.

Lastly, the court directs the Clerk of the Court to amend the docket to show that the individually-named federal defendants, Yost, Wiley, Negron, Gonzalez, and Carbonell, have not been terminated as parties. Additionally, the Clerk of the Court is to correct the spelling of defendant Carbonell's name. The correct spelling is "Carbonell", not "Cardonell". Therefore, the plaintiff's "Motion for Order Correcting Docket as to Status of Federal Defendants and Spelling of Defendant Carbonell's Name" is GRANTED in its entirety [Doc. No. 122].

SO ORDERED, this 7th day of June, 2006.

_____
ROBERT L. VINING, JR.
Senior United States District Judge