FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 12 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEREK CLINTON DENTON, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:04-CV-3285-RLV |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

This matter comes before the court on the plaintiff's motion for partial summary judgment on causation [Doc. No. 119] and the federal defendants' Federal Rule of Civil Procedure Rule 56(f) motion to continue or deny without prejudice the plaintiff's second motion for partial summary judgment [Doc. No. 148].[1]

After this matter was stayed numerous times by the plaintiff, the United States filed an answer to the plaintiff's Amended Complaint on December 9, 2005. Just 13 days later, on December 22, 2005, the plaintiff filed a motion for partial summary judgment against the federal defendants attempting to hold the United States liable under the Federal Tort Claims Act for compensatory damages [Doc. No. 56].

On February 15, 2006, the court denied the plaintiff's first

---

[1] In reviewing these pending motions, the court is reminded of Yogi Berra's famous saying, "It's like deja-vu, all over again." The court addressed nearly the same issues presented in these motions in its February 15, 2006, order [Doc. No. 95].

motion for partial summary judgment against the federal defendants [Doc. No. 95]. In its February 15, 2006, order, the court noted that the denial of the plaintiff's motion for partial summary judgment was appropriate pursuant to Rule 56(f). Rule 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Previously, the court relied upon the Eleventh Circuit precedent of <u>Snook v. Trust Co. of Ga. Bank of Savannah, N.A.</u>, 859 F.2d 865, 870 (11th Cir. 1988), wherein the court said:

> The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. . . . If documents or other discovery sought would be relevant to the issues present by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials.

Additionally, as noted in its February 15, 2006, order, the Eleventh Circuit has stated that summary judgment should not generally be granted until the party opposing the motion has had an adequate opportunity for discovery. See <u>Littlejohn v. Shell Oil Co.</u>, 483 F.2d 1140, 1145 (11th Cir. 1973)(noting the high fatality rate of summary judgment dispositions at a time before the facts

have been fully developed).

On April 6, 2006, the plaintiff filed the current motion for partial summary judgment on the issue of causation against all of the defendants. In the current motion, the plaintiff seeks to establish that by the time he had arrived at the Atlanta Medical Center on December 2, 2002, it was too late to prevent him from suffering the erectile dysfunction ("ED") that he now has. Alternatively, the plaintiff now seeks to establish that if the continuation of his priapism from the time of his arrival at AMC until aspiration of his penis several hours later increased the extent of his ED and "additional tissue damage," a separate determination of the extent to which it did so, apart from the ED and "additional tissue damage" caused by the priapism before the plaintiff arrived at AMC, cannot be made.

In his motion for partial summary judgment, the plaintiff poses two alternative theories on causation with regard to his ED and what his expert characterizes as "additional tissue damage" caused by the ED. The plaintiff's expert George F. Ellis, M.D., states:

> By the time Mr. Denton arrived at the Atlanta Medical Center [AMC] at 2010 hrs on December 2, 2002, it is more probable than not, indeed almost certain, that it was too late to prevent Mr. Denton from suffering the permanent significant ED he has suffered. More likely than not, his permanent ED is total (though it is possible that further examination and testing may determine that his ED is less than total). Permanent total ED is a natural probable consequence, reasonably to be expected, from just the repeated episodes of priapism that Mr. Denton

3

suffered before seeking treatment on November 23, November 29, and December 2. When the other hours of damaging priapism due to the other breaches, deliberate indifference, and departures from sound practice noted above are added, it is almost certain that the Atlanta Medical Center could not prevent Mr. Denton from suffering permanent significant ED, which likely is permanent total ED.

Relying upon his expert, the plaintiff draws the conclusion that, "if the federal defendants are liable for causing plaintiff to suffer ED, they are liable for all of plaintiff's ED."

As an alternative theory, the plaintiff again cites to his expert's report. According to Dr. Ellis,

> Nonetheless, delay at the Atlanta Medical Center proximately caused some additional tissue damage. This additional tissue damage may have increased the extent of Mr. Denton's permanent ED. The degree to which it may have done so, however, cannot reasonably be determined by accepted medical knowledge or principles. That 90 or 95% (or any other particular percentage) of delay in proper treatment of Mr. Denton's priapism can be attributed to federal prison officials and medical staff, and the remaining percentage of the delay attributed to the Atlanta Medical Center staff, does not mean that delay by the former proximately caused 90 to 95% (or any particular percentage) of Mr. Denton's ED, while the latter proximately caused the rest. The rate of tissue damage caused by priapism and the rate by which increases in tissue damage increase the extent of resulting ED are not known in a way that reasonably would allow mathematical determination of this kind.

Based upon above the passage, the plaintiff draws the following conclusion: "[I]f AMC delay caused some ED, the federal defendants still would be liable for all of the ED but the non-federal defendants would be jointly liable with them, because the amount that may have been caused by the non-federal defendants

4

cannot be separately determined."

In his April 6, 2006, motion, the plaintiff argues that the court should grant partial summary judgment pursuant to Rule 56(d)[2] in his favor on either of these questions. Specifically, the plaintiff argues:

> The federal defendants do not need discovery on these questions. All they need to do is to retain an expert, if they can find one, who will dispute Dr. Ellis's opinion on ED causation. If the federal defendants cannot find an expert who will dispute Dr. Ellis's opinions, there is no reason why ED causation should not be determined promptly by partial summary judgment.

On May 2, 2006, the federal defendants again filed a Rule 56(f) motion to continue or deny without prejudice the plaintiff's second motion for partial summary judgment without prejudice [Doc. No. 148]. The federal defendants argue, "Since the Court previously granted the United States relief from plaintiff's

---

[2] Rule 56(d) provides:

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

request for summary judgment as to causation under Rule 56(f) until it has completed discovery, and it is not disputed that discovery has not been completed, the United States asks the Court to deny plaintiff's second motion for partial summary judgment as prematurely filed in disregard of the Order of February 15, 2006." The court agrees.

In its February 15, 2006, order, the court denied the plaintiff's previous motion for partial summary judgment on a similar issue. There is no reason to recede from that order.

Furthermore, in an order dated June 7, 2006, the court addressed numerous unresolved discovery issues that have been pending before the court [Doc. No. 202]. It is undisputed that discovery in this matter has not yet concluded. In fact, the federal defendants argue, "To date, plaintiff has conducted no meaningful discovery from the various defendants and has now twice sought to obtain judgment as to liability before defendants can complete discovery while simultaneously seeking to thwart defendants' efforts to complete the needed discovery." The court agrees with the federal defendants' assessment of the plaintiff's tactics.

The court views with disfavor what it perceives as the plaintiff's various attempts to avoid, limit, delay, or control the discovery process. The defendants, both federal and non-federal alike, are entitled under the Federal Rules to conduct discovery

from the plaintiff, the plaintiff's witnesses, and the plaintiff's expert witness. Therefore, the plaintiff's current motion for partial summary judgment against the federal defendants is premature.

For the above reasons, the court DENIES the plaintiff's motion for partial summary judgment against the federal defendants to the extent that the plaintiff's motion seeks to establish that the federal defendants caused the plaintiff's ED [Doc. No. 119]. Furthermore, the court DENIES the plaintiff's motion for partial summary judgment to the extent that his motion seeks to establish that the federal defendants caused some portion of "additional tissue damage" [Doc. No. 119]. Additionally, the court GRANTS the federal defendants' motion to continue and DENIES the plaintiff's motion for partial summary judgment against the federal defendants without prejudice pursuant to Rule 56(f) [Doc. No. 148].

SO ORDERED, this 12th day of June, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge