FILED IN CHAMBERS
U.S.D.C. Rome

AUG 0 8 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION |
| GEORGE TRAVIS WILLIAMS, | NO. 1:90-CR-377-4 |
| Defendant. | |

O R D E R

George Travis Williams has filed a motion pursuant to 18 U.S.C. § 3582(c), asking this court to modify his sentence because of the application of Amendment 505 to the United States Sentencing Guidelines [Doc. No. 225].

In arriving at Williams's sentence, this court assigned a base offense level of 40. Subsequently, Amendment 505 to the sentencing guidelines established an upper limit of 38 on base offense levels calculated using drug quantity. *See* U.S.S.G. App. C, amend. 505 (1997). Since Williams's base offense level would have been lower had he been sentenced after the effective date of Amendment 505, section 1B1.10 of the sentencing guidelines does authorize this court to reduce his sentence. *See* U.S.S.G. § 1B1.10(c) (1997); United States v. Brown, 104 F.3d 1254, 1255 (11th Cir.1997). However, a court's power to reduce sentences under the applicable statute, 18 U.S.C. § 3582(c)(2), is discretionary. *See* United States v. Cothran, 106 F.3d 1560 (11th Cir. 1997).

After carefully reviewing the facts of this case and the factors set out in 18 U.S.C. § 3553(a), this court declines to exercise its discretion and reduce Williams's sentence. Consequently, Williams's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) is DENIED.

SO ORDERED, this __8th__ day of August, 2006.

_____
ROBERT L. VINING, JR.
Senior United States District Judge

FILED IN CHAMBERS
U.S.D.C. Rome

AUG 0 8 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEREK CLINTON DENTON,

      Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

      Defendants.

CIVIL ACTION

NO. 1:04-CV-3285-RLV

O R D E R

This matter is currently before the court on defendant Matthew J. Goldstein's motion for summary judgment [Doc. No. 210].

### I. Factual Background

Derek Clinton Denton was brought to the Atlanta Medical Center in the evening of December 2, 2002. His medical records show that upon arrival he was suffering from priapism, which had started earlier in the day. Among the measures taken, the plaintiff was treated with Terbutaline, saline solution, Demerol, and Phenergan. Dr. Goldstein supervised Dr. D. Abernathy's treatment of the plaintiff in the Atlanta Medical Center emergency room. Despite the treatment with Terbutaline and the other conservative measures that were taken, the plaintiff's priapism continued. At approximately 1:00 a.m. on December 3, 2002, Dr. Foote aspirated and irrigated the plaintiff's penis, which resolved the erection.

1

The plaintiff alleges that the original complaint, filed on November 9, 2004, did not name Dr. Goldstein as a defendant because the medical records did not contain a legible indication that he was responsible for the plaintiff's care and because the medical records expressly stated that Dr. Miriam Parker was both the Attending and the Admitting Physician.[1]  The plaintiff states that he did not become aware of Dr. Goldstein's treatment of him until January 20, 2005.  Specifically, the plaintiff states that he was informed of Dr. Goldstein's potential involvement in this matter by a letter dated January 20, 2005, from an Atlanta attorney of the law firm of Insley & Race.  According to counsel for the plaintiff, this attorney wrote to counsel for the plaintiff stating, "[W]e believe the signature on the lower right side of the medical record entitled 'Atlanta Medical Center Emergency Physician Record Male Genitourinary Problems' is that of Dr. Matthew Goldstein."

On February 3, 2005, counsel for the plaintiff delivered a letter to Dr. Goldstein informing him that he could be potentially named as a defendant.  In his affidavit accompanying his motion to dismiss, Dr. Goldstein stated, "Prior to that letter, I had not heard or been notified of any lawsuit filed by Plaintiff Derek Denton and had no idea whatsoever that Mr. Denton had filed a lawsuit or had any alleged claims against me for any care or

---

[1] The plaintiff's Amended Complaint did not name Dr. Parker as a defendant, and Dr. Parker was subsequently terminated as a defendant.

2

treatment I provided to him at the Atlanta Medical Center in December 2002."[2]

On October 14, 2005, the plaintiff filed an Amended Complaint, adding Dr. Goldstein as a defendant, alleging a claim of medical malpractice against Dr. Goldstein. On June 21, 2006, Dr. Goldstein filed his motion for summary judgment, arguing that he is entitled to judgment as a matter of law because the plaintiff's claims against him are barred by the two-year statute of limitations. Additionally, Dr. Goldstein argues that the plaintiff had failed to show that he can prove proximate causation--an essential element of his medical malpractice claim--with the requisite certainty.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that

---

[2] In his affidavit, Dr. Goldstein also states, "I was an attending physician supervising Dr. D. Abernathy in the emergency room of Atlanta Medical Center on December 2, 2002. All care and treatment provided to Mr. Denton by me and the other care providers at Atlanta Medical Center on December 2, and 3, 2002 met or exceeded the standard of care."

the nonmoving party has failed to present evidence in support of some element of his or her on which he or she bears the ultimate burden of proof. Id. at 322-23.  Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324.  Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322.

### III. Legal Analysis

In deciding whether the plaintiff's medical malpractice claim against Dr. Goldstein was timely brought, the court first looks to O.C.G.A. § 9-3-71(a).  Pursuant to O.C.G.A. §9-3-71(a), "Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred."  While state law determines the statute of limitations, "federal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).  Under federal law, "the statute of limitations does not begin to run until the facts which support a cause of action

4

are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. In this case, the statute of limitations on the plaintiff's medical malpractice claim against Dr. Goldstein began to run on the date of the plaintiff's last medical treatment by Dr. Goldstein, either December 2 or 3, 2002.

Dr. Goldstein argues that the plaintiff's medical malpractice claim against him is time-barred. Specifically, Dr. Goldstein argues that the statute of limitations for any medical malpractice claim against him would have expired on December 3, 2004. Furthermore, Dr. Goldstein argues that since he was not added to this suit until October 14, 2005 and was not notified of this action until February 5, 2005, the plaintiff's medical malpractice claim against him should be dismissed because the plaintiff's Amended Complaint does not relate back to the date of the filing of the plaintiff's Original Complaint.

As a preliminary matter, the court concludes that the plaintiff's medical malpractice claim against Dr. Goldstein was not brought within the two-year statute of limitations provided by O.C.G.A. § 9-3-71(a). However, this finding does not end this court's current inquiry because the court must decide whether the plaintiff's Amended Complaint of October 14, 2004, adding Dr. Goldstein as a defendant relates back to the date of the filing of plaintiff's Original Complaint on November 9, 2004. "'Relation back' causes an otherwise untimely claim to be considered timely by

5

treating it as if it had been filed when the timely claims were filed." <u>Davenport v. United States</u>, 217 F.3d 1341, 1344 (11th Cir. 2000). If the plaintiff's medical malpractice claim against Dr. Goldstein does not relate back, the plaintiff's claim against Dr. Goldstein is time-barred.

Relying upon Federal Rules of Civil Procedure Rule 15(c), the plaintiff argues that his First Amended Complaint "relates back to the date of [plaintiff's] original pleading." Specifically, the plaintiff argues, "The undisputed facts satisfy both paragraphs (2) and (3) of the rule." However, the plaintiff fails to provide a single citation to support his position.

"The purpose of Rule 15(c) is to permit amended complaints to relate back to original filings for statute of limitation purposes when the amended complaint is correcting a mistake about the identity of the defendant."[3] <u>Powers v. Graff</u>, 148 F.3d 1223, 1226

---

[3] In pertinent part, Rule 15(c) states:

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against

6

(11th Cir. 1998). See also Hill v. United States Postal Serv., 961 F.2d 153 (11th Cir. 1992)(permitting pro se plaintiff's amended complaint to relate back when he mistakenly named postal service instead of postmaster as defendant, contrary to statutory requirements.)

Although courts generally construe the word "mistake" in Rule 15(c) liberally, it is clear that under Eleventh Circuit precedent the word "mistake" does not mean "lack of knowledge." According to the Eleventh Circuit, "lack of knowledge" regarding the identities of possible defendants is not a "mistake concerning the identity of a proper party." Wayne v. Jarvis, 197 F.3d 1098, 1103 (11th Cir. 1999). In fact, Eleventh Circuit has clearly stated that it "does not read the word 'mistake' to mean 'lack of knowledge.' For these purposes, ignorance does not equate to misnomer or misidentification." Id. at 1103.[4]

In this case, the plaintiff did not misname or misidentify Dr. Goldstein. Rather, at the time the plaintiff filed his original complaint, the plaintiff lacked specific knowledge of the name of the attending physician. The letter from counsel for the plaintiff

---

the party.

[4] See also Powers, 148 F. 3d at 1226-27("[The Rule] permits am amendment to relate back only where there has been an error made concerning the identify of the proper party and where that party is chargeable with the knowledge of the mistake, but does not permit relation back where . . . there is a lack of knowledge of the proper party.")

7

to Dr. Goldstein states that Dr. Goldstein was not named as a defendant in the Original Complaint "because the medical records contain no legible indication that you were responsible for Mr. Denton's care and expressly state, as the enclosed Admission Record shows, that Dr. Miriam Parker was both the Attending Physician and the Admitting Physician." This passage clearly demonstrates that Dr. Goldstein was not initially included because the plaintiff could not decipher Goldstein's signature in the medical records.

Moreover, the record also reflects, and the plaintiff does not dispute, that Dr. Goldstein was not put on notice of any potential claim against him until the letter dated February 3, 2005. Therefore, the plaintiff's medical malpractice claim against Dr. Goldstein does not relate back to the filing of the plaintiff's Original Complaint and is, therefore, time-barred.[5]

Having decided that the plaintiff's medical malpractice claim against Dr. Goldstein is time-barred and that the medical malpractice claim contained in the Amended Complaint against Dr. Goldstein does not relate back to the filing of the plaintiff's

---

[5] In his motion for summary judgment, Dr. Goldstein relies upon Georgia's relation-back statute. However, Rule 15(c)(3) governs this matter. Moreover even if the court were to apply O.C.G.A. § 9-11-15(c), the result would have been the same. In reaching this conclusion, the court placed significant emphasis on the fact that Dr. Goldstein did not receive notice nor did he have knowledge of plaintiff's potential claim against him until February 2005. By the time Dr. Goldstein received the plaintiff's letter notifying him of a potential suit, the statute of limitations had already expired.

Original Complaint, the court need not reach the issue of whether the plaintiff can show that Dr. Goldstein's action or inaction was the proximate cause of his injuries.

### III. Conclusion

For the above reasons, defendant Dr. Goldstein's motion for summary judgment is GRANTED [Doc. No. 210].

SO ORDERED, this 8th day of August, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge

9