FILED IN CHAMBERS
U.S.D.C. Rome

AUG 24 2006

JAMES N. HATTEN, Clerk
By: _____
                    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEREK CLINTON DENTON,

        Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

CIVIL ACTION

NO. 1:04-CV-3285-RLV

O R D E R

This matter is currently before the court on the plaintiff's motion for judgment as a matter of law deeming the results of the injection testing conducted in September 2005, on the plaintiff as established facts.  Alternatively, the plaintiff requests an order directing the videotaped injection testing of his penis [Doc. Nos. 228 and 230].

In his motions, the plaintiff moves the court either (1) for an order under Federal Rules of Civil Procedure 56(a) and (d), deeming the results of the September 2005, injection testing to be without substantial controversy, or, in the alternative, (2) for an order pursuant to Rule 35 requiring the videotaped injection testing of the plaintiff, with "the time, place, manner, conditions, and scope of the examination," specified by future order.

In his motion for partial summary judgment, the plaintiff

states that because the September 2005 injection testing does not contradict the declarations of him and his expert, Dr. George F. Ellis, their opinions on the plaintiff's erectile dysfunction ("ED") as well as the results of the September 2005 injection testing are facts that are firmly established and "without substantial controversy."

Furthermore, the plaintiff argues that the defendants' experts have not sufficiently placed the issue of the plaintiff's total ED in controversy.  On the this point, the plaintiff states:

> In response to Dr. Ellis, the report of the expert retained by defendants Dr. Foote and Midtown Urology, Dr. Ned Franco, said at 5, "The blood flow test conducted by Dr. Barnes on September 13, 2005 did not confirm a diagnosis of erectile dysfunction."  The report of the expert retained by the federal defendants, Dr. Allen Seftel, said at 18, "There are no data presented to substantiate Mr. Denton's allegations of total permanent erectile dysfunction (impotence)."  In addition to this statement by Dr. Seftel, the federal defendants' expert disclosure, at 3, included a representation that the Bureau of Prisons contract urologist who conducted the injection testing, Dr. Anthony Barnes, was expected "to testify that the testing did not show that plaintiff suffers from erectile dysfunction."

The plaintiff argues that the single-sentence opinions of Drs. Franco, Seftel, and Barnes, fail to comply with Rule 26(a)(2)(B).[1]

---

[1]Rule 26(a)(2)(B) in relevant part states:

The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinion; the qualifications of the witness, including a list of all

Furthermore, the plaintiff contends, "In the absence of acceptable expert testimony disputing Dr. Ellis's opinion of the injection test results, the Court should find the matter to be 'without substantial controversy.'"

In response, the defendants filed a joint response arguing that the plaintiff "without substantial evidence or proof sufficient to meet his burden under F.R.C.P. 56, is simply asking this Court to summarily adopt the opinions of Dr. Ellis and judge that Mr. Denton suffers from total and permanent erectile dysfunction and is unable to produce an erection capable of vaginal penetration." Specifically, the defendants argue that the plaintiff has not produced sufficient evidence demonstrating a right to summary judgment because after the court excludes all the hearsay evidence proffered by the plaintiff, the only evidence he has cited in support of his current motion for summary judgment consists of the opinion of Dr. Ellis. Additionally, the defendants argue that they have proffered proper evidence refuting the opinions of Dr. Ellis regarding the results of the injection testing, thus creating a dispute of fact warranting a trial on the question. Specifically, the defendants argue, "[D]uring review of a summary judgment motion, the court does not weigh the evidence,

---

publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

but instead determines whether there is sufficient evidence to
create a question of fact warranting trial."   The defendants
conclude, "[T]he evidence from Drs. Barnes, Franco, and Seftel is
sufficient to demonstrate existence of a question of fact whether
Plaintiff can prove that he suffered permanent erectile dysfunction
at any time after November 16, 2002."

     The court has closely considered the plaintiff's motion and
finds no merit in his most recent motion for summary judgment.  The
court reached this conclusion for two simple reasons.  First, the
plaintiff has failed to produce sufficient evidence demonstrating
a right to summary judgment in that he has utterly failed to
produce sufficient evidence that the injection testing conducted in
September 2005 conclusively demonstrates that he has ED.  Second,
even assuming that the plaintiff has presented evidence that he has
ED, the court finds that the defendants have proffered sufficient
evidence to create a question of fact regarding the plaintiff's
medical condition.   For those reasons, the court DENIES the
plaintiff's motion for summary judgment [Doc. No. 228].

     The court now turns to the plaintiff's motion for an order
requiring a videotaped-injection testing of the plaintiff.  The
plaintiff states, "If the Court, however, were to deem defendants'
single-sentence opinions sufficient to dispute Dr. Ellis's
declaration concerning the injection test results, then the Court
under Rule 35 should order a second injection test, this time to

4

show directly whether, or to what extent, the injection produces an erection." In response, the defendants argue, "If the Court were to determine further testing is needed regarding the ability of Mr. Denton to maintain an erection, Nocturnal Penile Tumescence and Rigidity Assessment is a standard method of evaluation." The defendants continue, "Nocturnal Penile Tumescence and Rigidity Assessment, possibly used in conjunction with further injection testing, may produce the most objective test results when evaluating erectile dysfunction."

Furthermore in a footnote, the defendants argue:

Should the Court order additional testing, the defendants request that the order provide for appropriate testing agreed upon by all parties' experts, rather than provide for only injection testing. Defendants would also request that any testing ordered by the Court be performed only after proper notice is furnished to all parties. The Federal Defendants further request that no obligation be placed upon the Bureau of Prisons to perform or pay for such testing.

Having considered the plaintiff's motion for an order requiring a videotaped injection testing, the court concludes that additional medical testing of the plaintiff might aid in the resolution of a factual issue in dispute in this matter. However, the parties, not the court, are in the best position to determine the exact details of the plaintiff's future medical testing. Nevertheless, given the litigiousness of the parties in this matter, the court doubts that all of the parties will be able or willing to reach agreement on all of the details of the testing.

5

However, the court will give the parties one opportunity to do so. If the parties can agree, they should submit a consent order within seven days of the date of the docketing of this order.   If they cannot agree, the parties should submit their separate proposals within 10 days of the docketing of this order.   The court will then direct how, when, where, and who shall pay for the testing to be done.[2]

For the above reasons, the plaintiff's motion for summary judgment is DENIED [Doc. No. 228].   With regard to the plaintiff's motion for an order requiring a videotaped injection testing, the parties are directed to file a proposed consent order within seven days of the date this order is docketed; if they are unable to agree, the parties are to submit their separate proposals within 10 days of the date this order is docketed.   The court places a sole restriction on their proposed consent order.   Under no circumstances should the parties seek to extend the deadline for discovery in this matter beyond September 29, 2006.

SO ORDERED, this __24TH__ day of August, 2006.

_____
ROBERT L. VINING, JR.
Senior United States District Judge

---

[2] If the parties are unable or unwilling to agree on the details of the additional testing, the court might consider holding a hearing in Rome, Georgia, in an attempt to resolve this issue.