FILED IN CHAMBERS
U.S.D.C. Rome

OCT 04 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEREK CLINTON DENTON,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

CIVIL ACTION

NO. 1:04-CV-3285-RLV

O R D E R

Several matters are pending in this case, but this order will deal only with the discovery-related issues raised in the federal defendants' motion for a protective order [Doc. No. 234], the federal defendants' motion for additional time for the plaintiff's deposition [Doc. No. 249], the plaintiff's motion for an extension of time to depose the United States and any witness first identified in the federal defendants' discovery responses [Doc. No. 253], and the plaintiff's motion for partial reconsideration of the court's order against seeking extension of the discovery period [Doc. No. 254].

The plaintiff filed this case on November 9, 2004, asserting tort claims against the United States, five employees of the United States, and numerous private-sector defendants, along with claims against the five federal employees for alleged violations of his constitutional rights. Since the parties in this suit have previously filed numerous motions, the court does not find it

necessary to rehash all the details and activity that have already occurred.

The following facts are relevant to the current motions. In an order dated June 7, 2006, the court extended discovery until September 29, 2006, with the proviso that this extension was the final extension of the discovery barring unforeseen circumstances. The federal defendants' current motion for a protective order arises out of the plaintiff's service of a number of requests for written discovery upon the federal defendants. Specifically, the plaintiff served a single set of interrogatories upon the United States and all five individual federal defendants, jointly. Additionally, the plaintiff jointly served a single set of Requests to Admit and a single set of Requests to Produce upon these defendants. In a prior motion, the federal defendants stated that they needed an extension of time to either answer or seek a protective order in response to the plaintiff's requests. In an order dated June 28, 2006, the court directed the federal defendants to either respond to the plaintiff's discovery requests or to seek a protective order within 30 days of the date that order was docketed.

On July 31, 2006, the federal defendants filed a motion for a protective order [Doc. No. 234]. The scope of discovery is governed by Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(1) allows discovery regarding any manner, not privileged,

that is relevant to the subject matter of the pending litigation. The term "relevant" is to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case. Oppenheimer Fund Inc., v. Sanders, 437 U.S. 340, 351 (1978). While the scope of discovery is broad, it is not without its limits. *Id.* at 351-52. "Discovery of matter 'not reasonably calculated to lead to discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 352.

Discovery requests that are otherwise reasonable may also be limited for the following reasons:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had the ample opportunity by discovery in the action to obtain the information sought; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues.

Fed. R. Civ. P. 26(b)(2).

The plaintiff served 355 numbered Requests to Admit jointly upon all federal defendants, commanding that each of those defendants admit the subject matter of all 355 numbered Requests to Admit. In his response, the plaintiff informed the court that he would withdraw Requests to Admit 6-355. Therefore, the court must address only the plaintiff's Requests to Admit 1-5.

With regard to the plaintiff's Requests to Admit 1-5, the federal defendants argue:

> Plaintiff's numerous requests to admit do not comply with the subject matter limitations set out in Fed.R.Civ.P. 36(a) and are oppressive and unreasonably burdensome. Rule 36(a) provides that "[e]ach matter of which an admission is requested shall be separately set forth." However, many of plaintiff's requests contain multiple matters. For instance, requests 1 and 2 each contain lists of numerous multiple-page groups of documents, and each request that each federal defendant admit the authenticity of each document in each listed group. Request three then requires each defendant to compare all documents in the groups listed in request 1, try to match them up, and then admit that each document in question 1 has a match in those groups listed in question 2. Questions 4 and 5 demand a response for "each" document identified in request 1 and 2, respectively.

The court agrees. The requests are improperly formulated and as formulated are unduly burdensome on the defendants. The court does not condone such action by the plaintiff, and his attempt to ameliorate the effect of his original discovery requests by withdrawing Requests 6-355 is too little and too late. The federal defendants' motion for protective order with respect to the plaintiff's Requests to Admit is GRANTED.

The plaintiff also served 27 Requests to Produce documents upon all federal defendants, commanding that each of these defendants produce the demanded documents.

The federal defendants argue that Requests to Produce 1 through 7 require production of official government documents and such a request can be properly addressed only to the United States, and not to the individual federal defendants. In response, the

4

plaintiff states, "Plaintiff will accept defendants' representation as a response saying that the only responsive documents are official government documents and only defendant United States has possession, custody, or control of them, then defendants should simply respond to the requests by saying so, not seek protection from the requests." The federal defendants also object to Requests to Produce 4-7 on the grounds that they "seek production by other individual federal defendants of documents that only the defendant named in the request could identify."

Again, the court agrees. The plaintiff attempted to cure this problem by stating, in response to the motion for protective order, "Plaintiff will accept defendants' representation as a response saying that the only responsive documents are official government documents and only defendant United States has possession, custody, or control of them, then defendants should simply respond to the requests by saying so, not seek protection from the requests." However, the court chooses not to engage in the practice of having a party serve improper discovery requests in the hope of having the court pare down the request to an acceptable level. Such abusive discovery tactic on the part of a litigant needlessly expands the work of opposing counsel and the court. The court, again, finds the plaintiff's effort to ameliorate its abusive discovery to be too little and too late. The federal defendants' motion for protective order with respect to the plaintiff's Requests to

Produce is GRANTED.[1]

Finally, the plaintiff has served a limited number of interrogatories "but served them jointly upon all federal defendants, commanding that all and each of these defendants answer each interrogatory." Moreover, Interrogatory 2 requests the home addresses of the individual federal defendants. Because the court finds this procedure to be improper, the federal defendants' motion for protective order with respect to the plaintiff's interrogatories is GRANTED.

The defendants were unable to complete the plaintiff's deposition within seven hours. However, there are numerous defendants in this case and because each defendant is entitled to fully depose the plaintiff, the court will allow the defendants additional time to depose the plaintiff. The defendants do not request that each of them be given seven hours to depose the plaintiff but, instead, ask simply for an additional day to depose the plaintiff. This request is reasonable, and the court will allow the plaintiff to be deposed for an additional seven hours.

---

[1] Included in the plaintiff's Requests for Production was a demand that each defendant "produce identification information concerning all of the individual federal defendants." Specifically, the plaintiff sought the photograph of all individual federal defendants and other Bureau of Prisons officials who would be identified in response to Interrogatory 1, and asked the federal defendants to create and provide documents disclosing the home addresses of each of the federal defendants. In a matter involving a person in federal custody, who could pass such information along to his fellow inmates, such a request is particularly egregious. The court specifically and categorically denies such request.

Thus, the federal defendants' motion for additional time to depose the plaintiff is GRANTED.

The plaintiff's motion for extension of time to depose the United States and any witness first identified in the federal defendants' discovery responses is moot with respect to any additional witnesses. However, the court will allow the plaintiff to depose the United States under Rule 30(b)(6), Federal Rules of Civil Procedure. This deposition is to be conducted no later than October 20, 2006.

The plaintiff has moved for reconsideration of that portion of the court's August 24, 2006, order which stated that there would be no discovery extensions beyond September 29, 2006. To the extent that the court, by order dated October 3, 2006, provided for a medical examination of the plaintiff to be conducted no later than October 20, 2006, to the extent that the court allows the plaintiff to take a Rule 30(b)(6) deposition of the United States no later than October 20, 2006, and to the extent that the court has allowed the defendants an additional seven hours to depose the plaintiff the motion is GRANTED; in all other respects the motion is DENIED.

In summary, federal defendants' motion for a protective order [Doc. No. 234] is GRANTED; the federal defendants' motion for additional time for the plaintiff's deposition [Doc. No. 249] is GRANTED, and the defendants will have an additional seven hours to depose the plaintiff; the plaintiff's motion for an extension of

7

time to depose the United States and any witness first identified in the federal defendants' discovery responses [Doc. No. 253] is GRANTED with respect to a Rule 30(b)(6) deposition of the United States but is DISMISSED as moot with respect to newly identified witnesses; and the plaintiff's motion for partial reconsideration of the court's order against seeking extension of the discovery period [Doc. No. 254] is GRANTED in part and DENIED in part.

SO ORDERED, this 4th day of October, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge