UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Rome

DEC 21 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

DEREK CLINTON DENTON,

       Plaintiff,

    v.

UNITED STATES OF AMERICA, et
al.,

       Defendants.

CIVIL ACTION

NO. 1:04-CV-3285-RLV

O R D E R

This matter is before the court on (1) the plaintiff's Motion for Judgment that Individual Federal Defendants Timely Were Served with Process or in the Alternative for Extension of Time for Service [Doc. No. 252]; the federal defendants' Cross-Motion for Summary Judgment on Defenses of Insufficiency of Process and Insufficiency of Service of Process [Doc. No. 268];[1] and (3) the plaintiff's Motion for Partial Summary Judgment that Defendant United States of America Timely and Properly was Served with Process [Doc. No. 277].

As an initial matter, the court notes the unusual posture of the pending motions relating to service. Ordinarily, the issue of sufficiency of service is determined through resolving a motion to dismiss filed by a defendant, who is challenging service on him.

---

[1] The motion was filed on behalf of Ron Wiley, John Yost, Dr. Efren Carbonell, Dr. Victor Gonzalez, and Dr. Ivan L. Negron; however, Ron Wiley was subsequently dismissed as a party to this action.

Here, the plaintiffs have taken the unconventional route of filing a motion for summary judgment. The plaintiffs have cited no case where a court has endorsed such a procedure, and that is not surprising.[2] No "judgment" can be entered on a determination of whether service was sufficient, since there is no adjudication on the merits of the case. The plaintiff's attempt at an apparent preemptive strike regarding the issue of sufficiency of service of process is simply another example of the proclivity of the plaintiff to overly indulge in motion practice.

The action was filed on November 9, 2004. On December 9, the plaintiff moved for a stay of all proceedings, except as to discovery related to service of process. By order dated January 19, 2005, the court stayed all proceedings and specifically declined to exempt any proceedings from the stay. On May 5, 2005, the plaintiff filed a second motion for stay. By order dated June 2, 2005, the court granted the motion and, as requested, stayed all proceedings until August 1, 2005. On August 1, the plaintiff filed another motion for stay. By order dated  August 24, 2005, the court granted that motion and stayed proceedings until September 9, 2005. On September 8, 2005, the plaintiff filed his fourth motion

---

[2] The federal defendants, following the plaintiff's lead, filed a cross-motion for summary judgment. The court will treat this motion as a motion to dismiss. (The plaintiff's motion is in the nature of a "motion not to dismiss"; of course, one seldom encounters **that** kind of motion in federal practice. A "motion for summary judgment on the issue of service of process" sounds much more palatable.)

for stay.  By order dated October 4, 2005, the court granted that
motion and stayed all proceedings until October 14, 2005.  On
October 14, 2005, the plaintiff filed his first amended complaint.

Despite the fact that the court had stayed all proceedings,
the plaintiff attempted to serve various defendants during the
stay.  The plaintiff's argument that a stay does not affect service
of process is disingenuous, since the summons served with the
complaint notifies a defendant that he has 60 days from the date of
service to serve an answer.[3]  The very purpose of a stay is to halt

---

[3] This is not the only disingenuous argument made by the
plaintiff in his briefs on this issue.  In his reply brief, the
plaintiff argues that Dr. Negron and Carbonell were properly served
because even though the person who was served on their behalf was
not authorized to accept service, that person, nevertheless,
forwarded the complaint and summons to them.  According to the
plaintiff, this forwarding of the complaint and summons was proper,
since Rule 4(c)(2), Federal Rules of Civil Procedure, provides,
"Service may be effected by any person who is not a party and who
is at least 18 years of age."  Of course, that rule contemplates
that that person would be the initial person attempting service and
that that person would complete a return of service certificate
(which, naturally, was not done in the instant case).  The
plaintiff, of course, cites no case that interprets Rule 4(c)(2) as
allowing an intermediary to perfect service when service was not
perfected on that intermediary himself.  *See* Reply to Opposition to
Motion for Judgment that Individual Defendants Timely were Served
with Process or in the Alternative for Extension of Time for
Service at p. 2.  The plaintiff also states, "Nor does it matter
whether Plaintiff can prove which BOP employees delivered the
papers to the defendants.  'Failure to make proof of service does
not affect the validity of service.' Rule 4(l)."  *Id.*  That
provision of Rule 4 means simply that the filing of a proof of
service is ministerial in nature and the failure to perform that
ministerial task is not fatal if a defendant has, in fact, been
served.  It certainly does not mean, as stated by the plaintiff,
that a plaintiff is not required to prove that a defendant has been
served.

3

all proceedings, including the requirement of serving an answer. A defendant served with process during a stay may be unaware of the stay; at a minimum, he is confronted with the confusing position of being told that nothing is to happen in the case but that he is also required to serve an answer (or other responsive pleading). Again, the purpose of a stay is to halt all proceedings; a plaintiff cannot pick and choose which proceedings he wishes to stay and which he wishes to continue.

For the foregoing reasons, this court holds that any purported service while this action was stayed is invalid.

After the stay was lifted, the plaintiff still had 49 of the 120 days allowed to perfect service under Rule 4(m); however, the plaintiff did not attempt to make any service during that time, nor did he even initiate any proceeding regarding the issue of service until the filing of the motion for summary judgment on August 26, 2006.

The plaintiff has moved, in the alternative, for an extension of time to perfect service on the federal defendants.  Rule 4(m) allows a court to extend the time for service "if the plaintiff shows good cause for the failure" to timely serve.  In the instant case, the plaintiff has failed to show good cause for his failure to serve the federal defendants within the 120-day period provided for in Rule 4(m), and he has failed to show good cause why that

time should be extended in this long-pending and highly-litigated case.

For the foregoing reasons, the plaintiff's Motion for Judgment that Individual Federal Defendants Timely Were Served with Process or in the Alternative for Extension of Time for Service [Doc. No. 252] is DENIED; the federal defendants' Cross-Motion for Summary Judgment on Defenses of Insufficiency of Process and Insufficiency of Service of Process [Doc. No. 268] is treated as motion to dismiss and is GRANTED; the plaintiff's Motion for Partial Summary Judgment that Defendant United States of America Timely and Properly was Served with Process [Doc. No. 277] is not the proper mechanism for determining the sufficiency of service of process and, consequently, is DENIED.

SO ORDERED, this 21st day of December, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge